UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FIFTH DIVISION

* * * * * * * * * * * * * * * * * * *

Deanne Fox, on behalf
of her minor children,
Nicolas and Julian,

Plaintiff,

ORDER

vs.

Independent School
District Number 2609,
et al.

Defendants. Civ. No. 01-1701 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 20th day of September, 2001.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a routine review, in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Plaintiff's application to proceed in forma pauperis, and upon the Plaintiff's Motion for Appointment of Counsel. The Plaintiff appears pro se, and, in view of the fact that they have yet to be served, the Defendants have made no appearance for the purpose of the Motion.

4

FILED SEP 20 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

For reasons discussed below, we grant the Plaintiff's Motion to proceed in forma pauperis, but deny her Motion for Appointment of Counsel.

A. Motion to Proceed In Forma Pauperis. As a part of her application, the Plaintiff has averred that she is not employed, and that she does not own any real estate, stocks, bonds, or securities. She does, however, own a vehicle which she estimates is worth about $1000.00. Also, the Plaintiff attests that, during the past twelve months, she has not received any money from businesses, rent payments, pensions, or annuities. Rather, according to the Plaintiff, she and her four children are currently living on an income of $1820.00 per month from other governmental assistance, and child support payments.

Given these showings, we conclude that the Plaintiff is entitled to proceed in forma pauperis. Therefore, the Plaintiff's application to proceed in forma pauperis is granted. See, Title 28 U.S.C. §1915(a)(1).

B. The Plaintiff's Motion for an Appointment of Counsel. In her Complaint, the Plaintiff alleges that her children, Nicolas and Julian, who are American Indians of Ojibwe descent, were subjected to racial discrimination, and a hostile educational environment, at their school, in violation of Title 42 U.S.C. §1983, the Fourteenth Amendment, Title VI of the Civil Rights Act of 1964, and the

Minnesota Human Rights Act. Accordingly, she has commenced this action, on their behalf, against the Defendants and, by this Motion, she requests an appointment of counsel. In support of this Motion, she stresses that she has been unable to retain an attorney.

1. Standard of Review. It is well-established that this Court has no authority to compel legal counsel to assume the representation of the Plaintiff, but merely has the discretionary authority to request an attorney to assume such representation. See, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989); Scott v. Tyson Foods, Inc., 943 F.2d 17 (8th Cir. 1991). Central to the exercise of such discretion is a determination by the Court "that the Plaintiff as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984); see also Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996)("A district court is to decide whether the plaintiff and the court will substantially benefit from the appointment of counsel * * *").

In exercising its discretionary authority, the Court must carefully weigh the factual and legal complexities of the case, the capability of the Plaintiff to investigate the facts and to present her claims, and the existence of conflicting evidence. See, McCall

v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996); Plummer v. Grimes, supra; Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996); Edgington v. Missouri Department of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995).

2. Legal Analysis. After reviewing these factors, we find the issues to be quintessentially uncomplicated both in their legal and factual components. Although there may be conflicting evidentiary contentions, their full exploration before the Court will not require the skillful and practiced questioning techniques associated with representation by legal counsel. Undoubtedly, the Plaintiff's lack of legal knowledge will present some disadvantages, in terms of the requisite time and effort that may be attendant to the presentation of her claims, however, upon our review of the submissions which she has submitted to the Court thus far, we are satisfied that she possesses the capacity to develop and articulate the grievances which are presented by her Complaint.

Accordingly, at this preliminary juncture, we deny the Plaintiff's Motion for an appointment of counsel but, upon a proper showing, the Plaintiff may subsequently renew the Motion should the circumstances so warrant.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's application for in forma pauperis status [Docket No. 2] is GRANTED.

2. That the Clerk of Court shall issue a Summons and the United States Marshal shall serve a copy of the Complaint and Summons upon each of the Defendants as directed by the Plaintiff, and that all costs of service shall be advanced by the United States.

3. That the Plaintiff's Motion for an Appointment of Counsel [Docket No. 3] is DENIED.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE