UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Deanne Fox, on behalf of her minor children, Nicholas and Julian,

Plaintiffs,

vs. ORDER

Independent School District No. 2609, a/k/a the Win-E-Mac School District; Gail Sells, individually and in her official capacity as Superintendent of the Win-E-Mac School District; John Gevens, individually and in his official capacity as Principal of the Win-E-Mac School District; Daryl Halvorson, individually and in his official capacity as Win-E-Mac School District Athletic Director; Doug Johnson, individually and in his official capacity as a teacher in the Win-E-Mac School District; Robert Nephew, individually and in his official capacity as a teacher in the Win-E-Mac School District; Richard Hendrickson, individually and in his official capacity as a teacher in the Win-E-Mac School District; Russ Horacek, individually and in his official capacity as a teacher in the Win-E-Mac School District; Mike Roysland, individually and in his official capacity as a teacher in the Win-E-Mac School District; Larry Oppegard, individually and in his official capacity as a bus driver for the Win-E-Mac School District,

Defendants. Civ. No. 01-1701 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

FILED JUL 22 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

At Duluth, in the District of Minnesota, this 22nd day of July, 2002.

* * *

On July 9, 2002, the Court heard argument on the Defendants' Motion for a Protective Order, and to extend the pretrial deadlines. At the time of the Hearing, the Plaintiff appeared pro se, and the Defendants appeared by Michael T. Feichtinger, Esq. For reasons expressed at the Hearing, and briefly reiterated below, we grant the Defendants' Motion.

The Plaintiff in this action, Deanne Fox ("Fox"), is suing, on behalf of her minor children, Nicholas and Julian, numerous Defendants for race discrimination and harassment, assertedly in violation of State and Federal law. Fox is proceeding pro se, although she did move for an appointment of counsel, but the Motion was denied. Now, the Defendants have filed a Motion for a Protective Order, and to extend the pretrial deadlines.

The Defendants initially moved to compel Fox to produce her Rule 26(a)(1) initial disclosures, and also sough a Protective Order in accordance with the Minnesota Government Data Practices Act, Minnesota Statutes Section 13.01 et seq. ("Data Practices Act"). Later, the Defendants also filed a Motion to extend the Scheduling Order deadlines. In the interim, however, Fox produced her initial disclosures, so only the Motion for a Protective Order

and to extend the deadlines remains. Consequently, we deny the Defendant's Motion to Compel the Plaintiff's initial disclosures as moot.

A. The Defendants' Motion for a Protective Order. The Defendants seek a Protective Order in order that they may disclose, to Fox, videotapes, and a letter, that are subject to the Data Practices Act. The videotapes include a recording of a school pep rally, in which other school children are depicted, and the letter is from the school to the Office of Civil Rights, which identifies other students. The Defendants concede that the items are relevant to the lawsuit, but they request a Protective Order in order to protect the privacy of other school children.

We conclude that there is good cause for the Protective Order requested, and find that, in large measure, the Proposed Order submitted by the Defendants is appropriate. As we advised at the Hearing, however, we direct the Defendants to revise the Proposed Protective Order so as to make clear that the Order encompasses only that data protected under the Data Practices Act, and to provide a mechanism through which Fox can share the protected data with any attorney, consultant, or expert, whom she may retain in the case, so long as such person agrees to abide by the terms of the Order. With those caveats, we grant the Defendants' Motion for

a Protective Order, and direct the parties to submit a Proposed Order for the Court's review.

B. The Defendants' Motion to Extend the Pretrial Deadlines. In this Motion, the Defendants seek an extension of the deadline for their expert disclosures, and for discovery, as well as an Order requiring Fox to produce her minor children, Nicholas and Julian, for a deposition. The current pretrial deadlines, as set forth in our Scheduling Order dated January 15, 2002, are as follows: Plaintiff's expert disclosures were due by July 1, 2002; Defendants' expert disclosures are due by August 1, 2002; discovery ends on September 1, 2002; non-dispositive Motions are to be heard by November 1, 2002; dispositive Motions are to be heard by December 1, 2002; and the case is to be "Ready for Trial" on February 1, 2003. The Defendants seek an extension of their expert disclosure deadline to September 15, 2002, and an extension of the discovery deadline to October 1, 2002, because they need to conduct depositions, as well as independent psychiatric examinations, of Nicholas and Julian.

The Defendants did notice the depositions of Nicholas and Julian for July 10, 2002, but the boys are currently in Alaska, with their father, and will not return, at the earliest, until July 31, 2002. Therefore, the Defendants cannot comply with the current deadlines since they will not be able to depose the boys until

after August 1, 2002.[1] The Defendant also asks that we require Fox to produce her sons for a deposition by August 15, 2002.

Although Fox has not provided any expert disclosures of her own, we conclude that the allegations in this case are sufficient to place the boys' psychological or medical state in controversy, and that the Defendants may well need to obtain an expert, or an independent medical examination, to address the issue. Therefore, since the Defendant will potentially need to conduct a Rule 35 examination, as well as depositions of the minors, an extension of the current Scheduling Order is necessary. We therefore modify the remaining pretrial deadlines as follows: Defendants' expert disclosures are due on September 15, 2002; discovery will conclude on October 1, 2002; all non-dispositive Motions will be heard by November 1, 2002; all disposition Motions will be heard by December 1, 2002; and the case shall be "Ready for Trial" on February 1, 2003. Give the uncertain length of the boys' stay in Alaska, however, we will not order Fox to produce her sons for deposition by a date certain, but rather leave it to the parties, in the first

[1]There is a possibility that the boys will now reside permanently with their father in Alaska because, according to Fox, the State District Court has recently awarded the father full custody over the minors. We express no opinion on the ability of this case to proceed, as currently captioned, either in Minnesota, or elsewhere, should the boys remain in the custody of their father in Alaska.

instance, to work out a schedule once they know more about the custodial circumstances. To that extent, we grant the Defendants' Motion to extend the pretrial deadlines.

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendant's Motion to Compel Discovery [Docket No. 11] is DENIED, as moot.

2. That the Defendants' Motion for a Protective Order [Docket No. 11] is GRANTED, and that the Defendants' submit a proposed Protective Order for the Court's signature.

2. That the Defendants' Motion to Extend the Pretrial Deadlines [Docket No. 14] is GRANTED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE