UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Civ. No. 01.1701 RHK/RLE

Deanne Fox, on behalf of her minor children, Nicolas and Julian,

Plaintiffs,

vs.

Independent School District No. 2609, a/k/a the Win-E-Mac School District, Gail Sells, individually, and in her official capacity as Superintendent of the Win-E-Mac School District; John Gevens, individually, and in his official capacity as Principal of the Win-E-Mac School District; Daryl Halvorson, individually, and in his official capacity as Win-E-Mac School District Athletic Director; Doug Johnson, individually, and in his official capacity as a teacher in the Win-E-Mac School District; Robert Nephew, individually, and in his official capacity as a teacher in the Win-E-Mac School District; Richard Hendrickson, individually and in his official capacity as a teacher in the Win-E-Mac School District; Russ Horacek, individually and in his official capacity as a teacher in the Win-E-Mac School District; Mike Roysland, individually and in his official capacity as a teacher in the Win-E-Mac School District; Larry Oppegard, individually, and in his official capacity as a bus driver for the Win-E-Mac School District;

Defendant(s).

**CONFIDENTIALITY AND PROTECTIVE ORDER**

---

FILED AUG 16 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

The above matter came on for hearing before the undersigned Magistrate Judge of United States District Court in Minnesota on July 9, 2002, pursuant to Defendants' Motion for Protective Order.

Based on all of the files, records and proceedings herein, and the arguments of Plaintiff and counsel for Defendants, IT IS HEREBY ORDERED:

I. This Order shall apply to:

A. the Parties to this case;

B. Robert Fox (the father, joint legal custodian and sole physical custodian of Nicholas Fox and Julian Fox);

C. counsel of record for the Parties and members of their law firm;

D. an attorney duly admitted and qualified to practice before this Court, or eligible for such admission, considering representation of Plaintiff in this case;

E. officers of this Court, including court reporters, jurors, and court personnel;

F. consultants and other experts retained by the Parties and reasonably necessary for the evaluation, preparation and/or trial of this case;

G. those representatives of Coregis Insurance, Defendants' liability carrier, involved in the handling of this case;

H. a mediator, arbitrator or other ADR neutral retained by the parties or appointed by the Court for purposes of this case.

Information sought from any third parties pursuant to subpoenas may be made subject to this order, if the third party makes a request in good faith.

II. The following definitions shall apply to this Order:

A. "Material" shall mean all documents, records, tangible items, testimony, discovery responses, motion papers, pleadings, and other captioned documents produced, served, disclosed, or filed in this case including, without limitation, references to and copies, excerpts, and summaries of same in connection with this case.

B. "Confidential Material" shall be any Material a Party, or third party (collectively "Designator") designates as confidential pursuant to Paragraph V of this Order and believes in good faith (having an objectively reasonable basis) to meet the following confidentiality criteria: Material relating to data maintained by the Designator which is not accessible as public data pursuant to Minn. Stat. §13.03, Subd. 1.

C. This Order shall not apply to Material within public knowledge prior to disclosure, or which, after disclosure, comes within public knowledge other than by an act or omission of a Person receiving the Material or its agents, employees, consultants, or attorneys.

III. Confidential Material shall be used only for the evaluation, preparation and/or trial of this case (including appeals) and for no other purpose, and shall not be given or disclosed to anyone except those specified in Paragraph I above.

IV. Access to and Disclosure of Confidential Material shall be as follows:

A. The Parties and their counsel of record herein are bound by this Order, and the violation of the terms of the Order may subject them to punishment for contempt of a Court Order.

B. Any Person other than the Parties and their counsel to be given access to Confidential Material pursuant to this Order shall be provided with a copy of this Order and shall be told that: (1) the Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed or used other than pursuant to the terms of it; and (2) that the violation of the terms of the Order may subject the Person to punishment for contempt of a Court Order.

C. Any Person other than the Parties and their counsel given access to Confidential Material pursuant to this Order must first read the Order, and must agree in writing, in the form attached as Exhibit A, to be bound by this Order and to be subject to the jurisdiction of this Court for enforcement of this Order. An executed copy of the agreement shall be retained by counsel giving access to the Confidential Material, or if unrepresented by counsel, the Party giving access to the Confidential Material. If requested, a copy of said agreement shall be provided to opposing counsel, of if unrepresented by counsel, to the opposing Party.

D. If Confidential Material is to be disclosed during a deposition, the agreement to be bound and subject to jurisdiction may be made on the record and under oath, rather than in writing, and any objection may also be made orally. Only persons to whom disclosure of Confidential Material is permitted under Paragraph I of this Order shall remain present while Confidential Material is being used or discussed.

V. Confidential Material shall be designated as follows:

A. In the case of documents or non-written materials such as videotapes or computer diskettes, designation shall be made prior to delivery of copies by marking the document or non-written material "CONFIDENTIAL-SUBJECT TO

PROTECTIVE ORDER IN FOX LITIGATION" on each page containing Confidential Material. If the "Confidential Material" is voluminous, it may be designated as "Confidential Material" in the cover letter which shall have the same effect as if each page were marked individually.

B. All documents produced for inspection shall be treated as Confidential Material until copies are produced. Once specific documents have been selected for copying, any document containing Confidential Material may be marked before delivery to the Party who inspected and selected the documents.

C. A Party shall not waive the right to designate documents as Confidential by reason of making the documents available for inspection before they are copied and marked pursuant to this procedure.

D. In the case of written discovery responses, designation shall be made by placing the words "CONFIDENTIAL MATERIAL" on each page of any such response with the information asserted to be Confidential Material typed in BOLD FACE CAPITAL LETTERS, or by serving responses containing such information in a separate document where the entirety of such response is so designated.

E. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement on the record before the end of each day in which the deposition is concluded, or by a statement in writing sent to opposing counsel, or if unrepresented by counsel, to the opposing Party, within fifteen (15) business days after receipt of the transcript.

F. If the designation is made during a deposition, that portion of the deposition which refers to the Confidential Material shall be labeled by the reporter as

"Confidential" in the transcript, and the reporter shall bind the transcript in separate portions containing the non-confidential Material and Confidential Material and place the words "CONFIDENTIAL MATERIAL" on the cover of the relevant portions of the transcript.

VI. No Confidential Material shall be part of a public record except upon prior approval of this Court; and when argument or evidence before the Court requires the use of Confidential Material, on the request of any Party and with approval of the Court, Confidential Material shall be protected as follows:

A. If tried by a jury, the jurors shall be informed of the terms of this Order and instructed that they shall be bound by it.

B. Only persons subject to this Order may be present.

C. The record of the proceeding conducted under Paragraph VI shall be maintained separately and filed under seal in accordance with this Order.

VII. Challenge and withdrawal of designations shall be as follows:

A. A Party may challenge a designation of confidentiality at any time on notice to opposing counsel or if unrepresented by counsel, to the opposing Party. The Parties shall first attempt to reach agreement without resort to the Court. The material in issue shall be treated as designated until the Court orders otherwise. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

B. Any Designator may, at any time, withdraw the designation of "Confidential Material" for any or all of its Material.

VIII. If a Party inadvertently discloses any "Confidential Material," that Party may in writing promptly inform the receiving person of the designation. The receiving person shall treat the

information as "Confidential Material" under this Order. To the extent that protected information may have been disclosed to a person other than an authorized person the Party shall inform the Designator and make every reasonable effort to retrieve the information and avoid any further disclosure to non-authorized persons.

IX. This Order shall survive and continue to be binding after the conclusion of this case. The Court shall retain jurisdiction to enforce this Order.

X. Within thirty (30) days following the conclusion of this case, including any appeals, the Parties shall make arrangements to remove from the files maintained by the Clerk all documents filed under seal in this case including all pleadings and transcripts.

XI. Within sixty (60) days following the conclusion of this action, including any appeals, all Material designated as, or reflecting, Confidential Material and all copies of same, including all copies furnished to persons other than the Parties and their counsel shall be returned by the receiving Party to the Designator, or alternatively, be destroyed with a certificate provided from the receiving Party certifying destruction.

XII. Each Party and Person bound by this Order may move for modification of this Order for good cause on notice in writing to the Parties. Prior to any such motion for modification, the Parties and Persons involved shall attempt to reach agreement without resort to the Court.

XIII. Production or disclosure of Confidential Material under this Confidentiality and Protective order shall not prejudice the right of any Person making that production or disclosure to maintain the confidentiality of that Material in other contexts.

XIV. Nothing in this Order shall affect in any way the admissibility of any document, tangible thing, testimony, or other evidence at trial.

BY THE COURT:

Dated: August 16, 2002

Raymond L. Erickson
United States District Court Magistrate

## EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he or she has received a copy of the Protective Order entered in Deanne Fox, on behalf of her minor children, Nicholas and Julian, vs. Independent School District No. 2609, a/k/a the Win-E-Mac School District, Gail Sells, individually, and in her official capacity as Superintendent of the Win-E-Mac School District; John Gevens, individually, and in his official capacity as Principal of the Win-E-Mac School District; Daryl Halvorson, individually, and in his official capacity as Win-E-Mac School District Athletic Director; Doug Johnson, individually, and in his official capacity as a teacher in the Win-E-Mac School District; Robert Nephew, individually, and in his official capacity as a teacher in the Win-E-Mac School District; Richard Hendrickson, individually and in his official capacity as a teacher in the Win-E-Mac School District; Russ Horacek, individually and in his official capacity as a teacher in the Win-E-Mac School District; Mike Roysland, individually and in his official capacity as a teacher in the Win-E-Mac School District; Larry Oppegard, individually, and in his official capacity as a bus driver for the Win-E-Mac School District; that is attached hereto as Exhibit 1, has read the Protective Order and agrees to be bound by all the provisions thereof.

DATED: ______________ ______________________________

Subscribed and sworn to before
me this ____ day of ___________, 2002.

______________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.