UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

MINUTE ORDER

* * * * * * * * * * * * * * * * * * *

Deanne Fox, on behalf of her minor children, Nicholas and Julian,

Plaintiffs,

vs.

Independent School District No. 2609, a/k/a the Win-E-Mac School District; Gail Sells, individually and in her official capacity as Superintendent of the Win-E-Mac School District; John Gevens, individually and in his official capacity as Principal of the Win-E-Mac school District; Daryl Halvorson, individually and in his official capacity as Win-E-Mac School District Athletic Director; Doug Johnson, individually and in his official capacity as a teacher in the Win-E-Mac School District; Robert Nephew, individually and in his official capacity as a teacher in the Win-E-Mac School District; Richard Hendrickson, individually and in his official capacity as a teacher in the Win-E-Mac School District; Russ Horacek, individually and in his official capacity as a teacher in the Win-E-Mac School District; Mike Roysland, individually and in his official capacity as a teacher in the Win-E-Mac School District; Larry

(27)

FILED SEP 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Oppegard, individually and in his
official capacity as a bus driver
for the Win-E-Mac School District,

Defendants. Civ No. 01-1701 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 4th day of September, 2002.

* * *

On September 3, 2002, the Court heard argument on the Defendants' Motions to compel discovery responses, to compel the production of executed medical and employment authorizations, and to compel the resumption of the Plaintiff's deposition. At the time of the Hearing, the Plaintiff appeared pro se, and the Defendants appeared by Michael T. Feichtinger, Esq. For reasons expressed at the Hearing, and briefly reiterated below, we grant the Defendants' Motion.

The Plaintiff in this action is suing, on behalf of two of her minor children, the numerous Defendants for alleged race discrimination, and harassment. Fox is proceeding pro se, as her Motion for appointment of counsel was previously denied, and she reports that no attorney has agreed to accept her case, although she has, apparently, received some assistance from an attorney who has shown interest in her case. As noted, the Defendants have moved to compel the Plaintiff to appear for a resumption of her deposition,

and to respond fully to the Defendants' discovery requests, including Interrogatories, and Requests for Production of Documents, which were served on the Plaintiff, by mail, on June 6, 2002. In addition, the Defendants had originally sought an Order compelling the Plaintiff to provide executed authorizations for the release of various records relating to the Plaintiff's education, employment, and counseling, but the Defendants advised, at the Hearing, that this aspect of their Motion had become moot, as the Plaintiff had provided the requested authorizations.

At the time of the Hearing, we inquired of the Plaintiff when she believed she could be able to comply with the discovery demands of this case, including the rescheduling of her deposition. The Plaintiff responded by detailing the difficulties she has experienced over the past year, including physical and mental health issues relating to both herself, and her children, child custody issues, and a recent, alleged sexual assault of one of her children. The Plaintiff related that her own health and safety, and that of her children, was -- we think understandably -- her top priority, and that, as such, she has been unable to focus on the needs of this case. As related by the Plaintiff, this case is not a priority in the things she feels she must do.

While we are sympathetic to the challenges faced by the Plaintiff, and continue to encourage her to retain an attorney who might

have better resources to move this case on toward Trial, we are presented with no competent showing that the Plaintiff is unable, due to mental or physical health difficulties, to comply with the Pretrial Order in this action, while she is able to prosecute those legal matters which hold a higher priority for her. To this point, the Plaintiff has held the discovery requests of the Defendants for a period of three months. She does not advise how much information she has compiled, or when her discovery will be produced. Indeed, apart from her statements at the Hearing, the Plaintiff has not responded to the Defendants' Motion papers.

We have previously granted an extension of the dates in the Pretrial schedule, based similar showings as the Plaintiff advanced at Hearing on the Motion to Compel, and, without a competent showing, we are not able to further delay this action. Currently, the Pretrial Order, based on the extension that we granted on July 22, 2002, contemplates a close of discovery on October 1, 2002, with a "Ready for Trial" date of February 1, 2003. Given those deadlines, and the absence of a competent showing, by the Plaintiff, of an inability to meet those deadlines arising from anything other than her choice not to focus attention on the instant action, we are not presented with cause to further extend the discovery deadlines. If the Plaintiff has any such showing to offer, she should submit it to the Court promptly.

Accordingly, we direct the Plaintiff to make herself available for the completion of her deposition on, or before, **September 16, 2002**. Likewise, we direct her to fully complete, and serve, her discovery responses to the Defendants' outstanding discovery requests by no later than **September 16, 2002.**[1] If the Plaintiff demonstrates that, for reasons outside of her due diligence and control, she is unable to satisfy these dates, she can present such a showing to the Court.

NOW, THEREFORE, It is -

---

[1]Of course, if the Plaintiff provides the Court with a competent showing that she is physically or mentally unable to comply with these dates, we will carefully consider such a showing in reconsidering the deadlines currently set. The Plaintiff advises, however, that she attributes all of the difficulties she has experienced over the past year, to the actions of the Defendants she challenges here. This, we would have thought, would emphasize the importance of bringing this matter to a close. Moreover, we understood that the Plaintiff had legal counsel to represent her in her child custody proceedings, and any criminal charges related to the alleged sexual assault on her son would properly be the responsibility of a criminal prosecutor. We are presented with no reason as to why those other legal proceedings have caused the Plaintiff to relegate this action to a state of inactivity. As we related to the Plaintiff, an unjustified refusal to comply with pretrial discovery could result in the imposition of sanctions -- penalties -- up to, and including, the dismissal of the action. See, Rule 37, Federal Rules of Civil Procedure. While such draconian measures are reserved to severe discovery abuses, the Court has an obligation to assure that cases proceed to Trial in an orderly, efficient, and cost-effective fashion, and we are not persuaded that has occurred to date for justifiable cause. See, Rule 1, Federal Rules of Civil Procedure. If the Plaintiff has such cause, we will be ready to consider its probative weight.

ORDERED:

1. That the Defendants' Motion to Compel Discovery Responses [Docket No. 22] is GRANTED, and the Plaintiff is directed to fully respond to all outstanding discovery by no later than **September 16, 2002.**

2. That the Defendants' Motion to Compel Executed Authorizations [Docket No. 23] is DENIED as moot.

3. That the Defendants' Motion to Compel Deposition [Docket No. 24] is GRANTED, and the Plaintiff is directed to present herself for the completion of her deposition by no later than **September 16, 2002.**

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE