UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Deanne Fox, on behalf of
Her Minor Children,
Nicholas and Julian,

Plaintiff,

ORDER
and
REPORT AND RECOMMENDATION

vs.

Independent School District
No. 2609, a/k/a Win-E-Mac
School District, et al.,

Defendant. Civ. No. 01-1701 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 24th day of January, 2003.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A) and (B), upon the Plaintiff's Motion to Stay these proceedings indefinitely, and the Defendants' Motion for Summary Judgment. Argument on the Motions was originally scheduled for December 11, 2002, but the Plaintiff was unable to attend that Hearing, personally, as she had motor vehicle troubles. Accordingly, we continued the Hearing on the Motions until January 23, 2003, in order to allow the Plaintiff an opportunity to address the pending Motion for Summary Judgment,

(42) + (43)

JAN 24 2003

and to offer a competent showing that a Stay was warranted. At the time of the Hearing on January 23, 2003, the Plaintiff appeared on her own behalf, and the Defendants appeared by Michael T. Feichtinger, Esq. For reasons which follow, at the close of the Hearing, we advised that we would recommend to the District Court, the Honorable Richard H. Kyle presiding, that the Defendants' Motion for Summary Judgment be denied, without prejudice to its renewal, and that the Plaintiff's Motion for a "substantial stay" be granted, in part.

II. Discussion

On September 17, 2001, the Plaintiff filed her Complaint in this matter, which accuses the Defendants of racial discrimination, and of maintaining a racially hostile educational environment, under Title 42 U.S.C. §1983, and the Fourteen Amendment; of racial discrimination under Title VI of the Civil Rights Act of 1964, Title 42 U.S.C. §2000d, et seq., and the implementing Regulations, 34 C.F.R. §100.3; and of racial discrimination, and of inciting racial discrimination, under the Minnesota Human Rights Act, Minnesota Statutes Section 363.03, Subdivision 5.[1] The facts which underlie

[1]One of the bases for the Defendants' Motion for Summary Judgment is her failure to sign her Complaint, after that oversight had been called to her attention. The Plaintiff contends, however, that she signed her Complaint at the request of the Clerk of Court, who promptly duplicated the Complaint, prior to filing, so as to (continued...)

these claims are not important to the Plaintiff's Motion to Stay, and will not now be recited.

From its inception, this case has posed intractable management problems. Believing that the Court has the authority to compel uninterested attorneys into representing her interests, and funding her lawsuit, the Plaintiff has repeatedly requested the appointment of counsel. We have denied that request on equally repeated occasion. In conjunction with that request, the Plaintiff has also represented, with regularity, that Jerry W. Snider, Esq. ("Snider"), prepared her Complaint, and has assisted her in this litigation. She further has related, on a fairly continuous basis, that Snider has been amenable to representing her legal interests, but has advised of the press of business -- although, she relates that he has expressed a willingness to assume her representation in March of this year. Further, the Plaintiff advises that her many contacts with Legal Aid, and other pro bono legal organizations, have failed to secure legal counsel.[2]

---

[1](...continued)
cover the Plaintiff's signature. As we stated at the time of the Hearing, this is a serious allegation which we draw to the Clerk of Court's attention.

[2]We are directing the Clerk of Court to transmit a copy of this Report and Recommendation to Snider. He has appeared before this Court on numerous occasions, and the Court regards him highly. We would appreciate an advisory, however, as to his intention, if
(continued...)

More problematic, however, is the Plaintiff's mental state. On repeated occasion, when she has failed to respond to discovery or to attend to her other responsibilities in this case, the Plaintiff has represented that she is unable to focus sufficiently so to understand the nature of the issues, the applicable Rules of Civil Procedure, or her discovery obligations. The case has progressed somewhat -- at least sufficiently for the Defendants to have filed a Motion for summary disposition -- but it has not been without herculean effort. Unquestionably, the Plaintiff's life has been challenged with significant stressors. She has lost the custody of her children, inclusive of the Plaintiff's in this case, and she has other stressors which require remediation. By way of example, in support of her Motion to Stay, the Plaintiff had the following letter transmitted, by her treating psychiatrist, to the Court:

> This letter is written at the request of Deanne K. Fox. Ms. Fox currently is under my care for treatment of recurrent episodes of major depression, alcohol dependence, and pathological gambling. She also has been in individual psychotherapy with our clinical social worker and in group psychotherapy with

---

[2](...continued)
any, to represent the Plaintiff in this matter. If he is so interested, then either he, or any other legal counsel that the Plaintiff may retain, will have sufficient time to prepare their representation of the Plaintiff without pinched time constraints, if our recommendation is adopted.

> our clinical psychologist for treatment of this condition. I am treating her with psychotropic medications. With support, the patient is coping with stresses in her life and in her environment. Her tolerance for stress, however, continues to be limited.

Such a clinical description does not bode well for the Plaintiff's ability to represent her children's interests in this action, and we agree with the implicit suggestion of her psychiatrist, that she be provided a period of time in which to recuperate to a proper state of mental health and perspective.

We wish to make clear, however, that we recommend the stay as a cautious response, as we have more than passing doubt that her focus is as defused, and unsettled, as she claims. While she strenuously requests that we not address the pending Motion for Summary Judgment, in the same breath she invited counsel for the Defendant to extend a monetary offer of settlement. We are unable to fathom how one who cannot cope with stress would be prepared to endure the negotiation of a settlement that, given the nature of the claims made on behalf of the Plaintiff's children, must be held in trust for her children's sole benefit, or how she can assess a proper settlement amount when she is unable to attend to any other aspect of this case.[3] Nonetheless, we believe that the equities

[3]Lest the Plaintiff not otherwise know, we read her Complaint as solely alleging causes of action on behalf of her children. If (continued...)

lie in favor of granting the requested stay for a six month period of time. If, at the end of an additional six months, the Plaintiff is neither represented by counsel, nor willing or able to represent the interests of the minors for whom this action was commenced, we will have to address the issue again.[4]

Lastly, our recommendation does not ignore the significant interests of the Defendants to have their defenses addressed. The Plaintiff has accused the Defendants of improper and wrongful conduct, which they vehemently dispute. Indeed, their Motion for Summary Judgment intimates that none of the claims she has raised are viable as a matter of law. They have an understandable interest in vindicating their own names and reputations, which the grant of a stay will defer for at least a six month period. We note, however, that the six month delay will not prejudice the substance of their Motion for Summary Judgment, as that Motion is predicated on law, and not on material facts. Nonetheless, we are concerned

---

[3](...continued)
those claims settle, the settlement must be approved by the Court, and any funds, absent a Court Order to the contrary, will be held in trust for the children's benefit. No expenditures from the trust will be allowed, without permission by way of a Court Order.

[4]The Plaintiff impresses upon the Court that her health care professionals have not found her to be incompetent and that, after her period of recuperation, she is prepared to undertake such legal research, and document preparation, as is needed to respond to the Motion for Summary Judgment.

with the prospect of further, indefinite delay, given the Plaintiff's past inattention to this legal proceeding.

NOW, THEREFORE, It is --

ORDERED:

That the Clerk of Court transmit a copy of this Report and Recommendation to Jerry W. Snider, Faegre & Benson LLP, 90 South Seventh Street, Suite 2200, Minneapolis, Minnesota 55402.

RECOMMENDED:

1. That the Defendants' Motion for Summary Judgment [Docket No. 31] be denied, without prejudice to its renewal, in order to allow the Plaintiff to respond to that Motion competently respond to that Motion.

2. That the Plaintiff's Motion for a Stay [Docket No. 37] be granted for a period of six months and that, if this recommendation is adopted by the District Court, then this Court shall schedule the next Status Conference with the parties by separate Order.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to

this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than February 10, 2003,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than February 10, 2003,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The District of Minnesota is pleased to announce the offering of a service called New Cases System (NCS) on our web site at www.mnd.uscourts.gov. The NCS lists new civil and criminal cases filed in St. Paul, Minneapolis or Duluth each day. It indicates the date assigned, case number, case name, the city in which the case was filed, and the District and Magistrate Judge assigned to the case.

The web NCS is available free of charge. The NCS may also be accessed from the public terminals located in the clerk's offices at the addresses above.